INGRAM, Presiding Judge.
The mother obtained a “Withholding Orders for Child Support” against the father pursuant to Ala.Code 1975, § 30-3-60 et seq. On December 28, 1988, the withholding order was served on Fletcher Oil Company, Inc. (Fletcher), the corporation with whom the father had been employed. Fletcher filed its answer to the order on January 3, 1989, indicating that, as of November 8, 1988, the father was no longer employed by Fletcher. The answer further indicated where Fletcher believed the father was then employed.
The father returned to Fletcher’s employment on a part-time basis on February 3, 1989, and resumed full-time employment on March 3, 1989. During this time the mother failed to serve a withholding order on Fletcher. On December 21, 1989, the mother filed an affidavit for garnishment of the father’s wages. The trial court issued a garnishment order to Fletcher and, pursuant to the terms of that order, Fletcher began withholding income from the father.
Filed contemporaneously with the mother’s affidavit for garnishment was a motion for judgment nisi against Fletcher. The mother contended that, pursuant to the withholding order of December 28, 1988, Fletcher was required to withhold certain income from the father’s wages in accordance with § 30-3-61(c) once he returned to work for Fletcher in February 1989. See also § 30-3-64. The mother’s motion was denied, and she now appeals to this court.
The dispositive issue on appeal is whether Fletcher, who was not the father’s employer at the time it was served with the withholding order, was bound by the provisions of § 30-3-60 et seq.
At the outset, we note that, in order for an employer to come within the provisions of § 30-3-60 et seq., that employer must first be properly served. Further, pursuant to § 30-3-64, the employer, once served, must then file an answer which shall state whether the obligor, here the father, is employed by the employer and whether the employer has any income due the obligor. The statute, in part, then states that
“[i]f the employer answers that the obli-gor has income which is subject to the order for income withholding[,] the order entered ... shall become binding upon any such employer, including successive employers ... and shall remain effective until further order of the court.” (Emphasis added.)
Here, however, the record reveals that, when Fletcher was served with the withholding order on December 28, 1988, the father was not employed by Fletcher. Furthermore, Fletcher indicated in its answer that it held no wages or other monies to which the father was entitled.
*423 Therefore, it is the opinion of this court that the withholding order provisions never became binding upon Fletcher. The statute is clear that the withholding order shall become binding only if the obligor is due income from the employer. Implicit in the statute is the requirement that the obli-gor actually be employed by the “employer” at the time the withholding order is served, or that the employer still retain past wages of the obligor. Clearly, that was not the case here. Hence, we find that, at the time of service of the withholding order, Fletcher was not an employer pursuant to the provisions of the statute and that the order was of no effect against Fletcher. It appears to us that to hold otherwise would place upon Fletcher and other similarly situated “employers” an unnecessary administrative burden.
In view of the above, we find no error by the trial court in- denying the mother’s petition for judgment nisi.
The mother has requested an award' of attorney’s fees for representation on appeal. Such request is denied.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.